NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY KIERSTEIN, : <br> : <br> Plaintiff, : <br> : Civ. No. 13-07513 (SRC) <br> v. : <br> : **OPINION** <br> ERIK OSTLUND, KILLINGTON RESORT, : <br> ABC and XYC CORPORATIONS 1-10 and : <br> JOHN and JANE DOES 1-10, jointly, individually, : <br> and severally, : <br> Defendants. : <br> : <br> : | |

**CHESLER,** District Judge

This matter comes before the Court upon the motion filed by Defendant Killington Resort ("Killington Resort") to transfer venue pursuant to 28 U.S.C. § 1404(a). Plaintiff Jeffrey Kierstein ("Plaintiff") has opposed the motion. The Court has considered the papers filed by the parties and proceeds to rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons discussed below, the Court will grant Killington's motion and transfer this action to the United States District Court for the District of Vermont.

### BACKGROUND[1]

This personal injury lawsuit arises out of a skiing accident that occurred on October 15, 2012, at Killington Resort in Vermont. Plaintiff was waiting in an area reserved for those getting on and off of the Poma ski lift, when Defendant Erik Ostlund ("Ostlund"), who was riding on his

---

[1] The facts set forth are taken from Plaintiff's Complaint and accepted as true solely for purposes of resolving this motion.

1

snowboard, struck Plaintiff from behind.  Although there was a "SLOW" sign posted in the ski lift area, Ostlund emerged from an adjacent trail at full speed.  Plaintiff sustained permanent injuries.

Plaintiff, a Connecticut resident, brought suit in the United States District Court for the District of New Jersey against Ostlund, a citizen of New Jersey, and Killington Resort, a Vermont corporation with its principal place of business in Killington, Vermont.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.  Killington Resort now moves to transfer venue to the District of Vermont pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

In federal court, transfer of venue is governed by two statutes: 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.  "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper.  Section 1406, on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case."  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir.1995).  In this case, Killington Resort moves to transfer pursuant to 28 U.S.C. § 1404(a).  That provision states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  The party seeking to transfer must show that the alternative venue is not only adequate, but also more convenient than the current one.  *Jumara*, 55 F.3d at 879; *Ricoh Co., Ltd. v. Honeywell, Inc.,* 817 F.Supp. 473, 480 (D.N.J. 1993).

The Third Circuit has held that "[s]ection 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum." *Lafferty v. St. Riel,* 495

F.3d 72, 76-77 (3d Cir. 2007).  In exercising its discretion, the transferor court must evaluate whether a venue transfer would further the goals of § 1404(a), which are "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . ." *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).  This evaluation calls for the Court to balance various private and public interests related to the transfer.  *Jumara,* 55 F.3d at 879.  In *Jumara,* the Third Circuit provided a list of factors a district court should consider.  The private interest factors are: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses (only to the extent that the witnesses may actually be unavailable for trial in one of the fora); and (6) the location of books and records (only to the extent that the files could not be produced in the alternative forum)."  *Id.*  The public interest factors are: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *Id.* at 879-80.

This case presents the Court with a contractual forum selection clause, printed on Killington Resort's lift pass, which each skier or snowboarder is required to obtain in order to access the ski area.  The forum selection clause at issue states:

> I consent to this agreement legally binding me, my heirs and assigns.  I agree that any claim I may bring against Killington/Pico at any time for any reason shall be filed in Vermont State or Federal Court and tried under Vermont Law.

(ECF No. 6-2, at 2). The Supreme Court has recently held that in determining whether transfer of venue is proper, "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (citing *Stewart,* 487 U.S., at 31). The Supreme Court reasoned that when the parties have agreed to a valid forum selection clause:

> . . . a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is conceivable in a particular case that the district court would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause, such cases will not be common.

*Atl. Marine Const. Co.*, 134 S. Ct. at 582 (internal citation and quotation marks omitted). This Court must interpret the forum selection clause, contained in the lift pass, as an expression of Plaintiff's agreement that the convenient and preferable location to litigate disputes with Killington Resort would be in Vermont. *See Jumara,* 55 F.3d at 880.

Plaintiff contends, however, that the forum selection clause is invalid because it was executed based on overweening bargaining power. Plaintiff argues that "Defendant Killington Resort, a sophisticated corporation, wielded a great amount of bargaining power and Plaintiff, an unsophisticated consumer, possessed none." (ECF No. 10, at 3). Plaintiff asserts that the lift pass was "preprinted," "a boilerplate contract," and one that Plaintiff was "required to take" if he wanted to ski at the resort. (ECF No. 10, at 4).

It is well established that a forum selection clause is presumptively valid and enforceable. *The Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10 (1972). To defeat enforcement of a forum selection clause, the objecting party must make a strong showing "(1) that it [the forum selection clause] is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case

4

result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.,* 709 F.2d 190, 202 (3d Cir. 1983), *cert. denied,* 464 U.S. 938 (1983), overruled on other grounds by *Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495 (1989)). Where the forum selection clause is valid, which requires that there has been no fraud, influence, or overweening bargaining power, the plaintiffs bear the burden of demonstrating why they should not be bound by their contractual choice of forum." *Jumara*, 55 F.3d at 880 (citing *The Bremen*, 407 U.S. at 12-13).

  The Supreme Court has held that a non-negotiated forum selection clause printed on a ticket should be enforced. *Carnival Cruise Lines v. Shute*, 499 U.S. 585 (1991). In *Carnival Cruise Lines*, the Supreme Court rejected respondents' argument that a forum selection clause was unenforceable because the respondents were "not business persons and did not negotiate the terms of the clause with petitioner." 499 U.S. at 592. The Supreme Court noted that petitioner, the cruise line, had "a special interest in limiting the fora in which it potentially could be subject to suit" because their business typically drew customers from many different locations. *Id.* at 593. Without a forum selection clause, the petitioner would be subject to suit in many different fora. *Id.* The forum selection clause was also advantageous because it was an *ex ante* method of "dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions." *Id.* at 593-94.

  Here, there is no evidence suggesting that the forum selection clause resulted from fraud, violates public policy, or results in litigation that would be considered unreasonable. The non-negotiated nature of the lift pass does not render the forum selection clause unenforceable. Like

the cruise line defendant in *Carnival Cruise Lines*, Killington Resort has a special interest in limiting the fora in which it can be sued, because many visitors travel to the resort from various locations. Plaintiff has not made the strong showing required to establish a proper basis upon which to invalidate a forum selection clause.

The forum selection clause on the lift ticket must, therefore, factor into this Court's consideration of whether the District of Vermont would present a more convenient forum. Pursuant to *Atlantic Marine,* the forum selection clause operates as a waiver of Plaintiff's right to challenge the federal or state courts of Vermont as an inconvenient venue. *Atl. Marine Const. Co.*, 134 S. Ct. at 582. This Court "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* Thus, this Court finds that the private *Jumara* factors weigh entirely in favor of transfer to the District of Vermont.

The Court turns, then, to an analysis of the public *Jumara* factors. These factors also support litigation in Vermont. In particular, the second public *Jumara* factor, which accounts for practical considerations, weighs in favor of transfer. While Plantiff argues that venue transfer is inconvenient because it "will impede discovery of both Plaintiff and Defendant Erik Ostlund" (ECF No. 10, at 4), Killington Resort correctly points out that Plaintiff does not offer any factual reasons to support his contention that discovery will be obstructed. To the contrary, discovery is likely more accessible in Vermont than in New Jersey. Witnesses, such as the first responders and medical personnel who responded to the incident, live in Vermont. If a site inspection is part of the discovery, then the parties will need to travel to Vermont. Thus, the parties and the court will save time and expense by litigating in Vermont. Moreover, the fourth factor, which considers the local interest in deciding local controversies, weighs in favor of transfer. This incident is not a local controversy specific to New Jersey, such that a great interest in litigating in

6

this state would be presented.  It is, however, a local controversy specific to the ski resort in Vermont.

Based on the forum selection clause and the public *Jumara* factors, this Court concludes, in its discretion, that a transfer of this action to the District of Vermont would promote the convenience of the parties and serve the interests of justice.  Killington Resort has demonstrated that a transfer pursuant to 28 U.S.C. § 1404(a) is warranted.

## CONCLUSION

For all of the forgoing reasons, the Court grants Killington Resort's motion to transfer venue.  This action will be transferred pursuant to § 1404(a) to the United States District Court for the District of Vermont.  An appropriate Order accompanies this Opinion.

    s/ Stanley R. Chesler
**STANLEY R. CHESLER**
United States District Judge

Dated: July 28, 2014